UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JHONATAN HERNANDEZ-PEREZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1081-J |
| ) | |
| U.S. IMMIGRATION AND CUSTOMS ) | |
| ENFORCEMENT, et al., ) | |
| ) | |
| Respondents. ) | |

**ORDER**

Petitioner, proceeding pro se, filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement officials after he was granted deferral of removal [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell who entered a Report and Recommendation recommending that the Court conditionally grant habeas corpus relief to Petitioner after a forty-five (45) day deferral period so that Respondents can provide the Court with additional information on the removal efforts. Based on the ongoing custody determination and the additional factual development that was needed to determine whether there is a significant likelihood of removal in the reasonably foreseeable future, the Court rereferred this matter to Judge Mitchell. On December 23, 2025, Judge Mitchell entered a Supplemental Report and Recommendation recommending that the Court grant habeas corpus relief and order Respondents to release Petitioner from detention under an Order of Supervision. The parties were advised of their right to object to the Report and Recommendation by December 30, 2025. Respondents filed an objection [Doc. No. 25] which triggers de novo review.

In *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001), the Supreme Court concluded that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." The Supreme Court further found:

> After this 6-month removal period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink.

*Id.* at 701.

In the Supplemental Report and Recommendation, Judge Mitchell finds that Petitioner has provided good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future, that Respondents have not rebutted Petitioner's showing with evidence that his removal is likely to occur in the reasonably foreseeable future, and that because his removal is no longer reasonably foreseeable, Petitioner's continued detention is no longer authorized by statute. In their objection, Respondents assert that Petitioner has not met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future. Having reviewed the court file, the Court concurs with Judge Mitchell's finding. It is undisputed Petitioner has been detained over six months; three countries have not responded to the requests for acceptance; three countries have denied acceptance; the most recent request for acceptance was submitted nine months ago; and no updates on the removal efforts are available from Enforcement and Removal Operations. Additionally, the cases cited by Respondents in their objection are factually distinguishable; in all of the cases cited, other countries were actively working on procuring the necessary travel documents for removal; such is not the case here. The Court thus concludes that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

Accordingly, the Court ADOPTS the Supplemental Report and Recommendation [Doc. No. 24], GRANTS Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1], and ORDERS Petitioner be released from custody immediately, subject to an appropriate Order of Supervision.[1]

IT IS SO ORDERED this 7th day of January, 2026.

BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

---

[1] 8 C.F.R. § 241.5 governs the issuance and conditions of orders of supervision.